IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BYRON BROWN, #105554**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 1:05cv289LG-RHW**

**HARRISON COUNTY CIRCUIT COURT,**
**DISTRICT ATTORNEY'S OFFICE, CLAY BROWN,**
**and JUDGE JERRY O. TERRY**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

On December 5, 2005, the plaintiff was directed to amend his complaint.[1]  The envelope containing said order was returned to this Court with a notation by the postal service "Return to Sender - not deliverable as addressed." [Document #9].  The Court has reviewed the record and determined that the address for the plaintiff on the envelope containing the December 5th order matched the address provided by the Plaintiff in his complaint.  As such, this Court finds that the envelope was addressed correctly.  This Court further finds that more than 60 days have elapsed since the deadline for filing an amended complaint.  Even though the Plaintiff was warned in a notice of assignment from the Clerk that his failure to keep this Court advised of his current address could result in the dismissal of this action, he has failed to comply with the December 5th order or to otherwise notify this Court of a change of address.

It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.  This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*,

---

[1] The plaintiff was directed to amend his complaint on or before December 13, 2005.

370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link v. Walbash Railroad*, 370 U.S. 626, 630 (1962).

Since the defendants have never been called upon to respond to the Plaintiff's complaint, and have never appeared in this action, and since this Court has never considered the merits of Plaintiff's claims, this Court's order of dismissal will provide that dismissal is without prejudice.  *See Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 28th day of February, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE