**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**BYRON BROWN**                                                                                  **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  1:05cv289-LG-RHW**

**HARRISON COUNTY CIRCUIT COURT;
DISTRICT ATTORNEY'S OFFICE;
CLAY BROWN, Assistant District Attorney;
JUDGE JERRY O. TERRY
and SHERIFF GEORGE PAYNE, JR.**                                              **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Brown,

currently incarcerated at the Harrison County Adult Detention Center, Gulfport, Mississippi, filed

this complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are Harrison County

Circuit Court, District Attorney's Office, Assistant District Attorney Clay Brown, Judge Jerry O.

Terry, and Sheriff George Payne, Jr.  The Plaintiff is requesting as relief monetary damages.

On March 7, 2007, an Order to Show Cause [19-1] was entered directing the Plaintiff to

file a written response.  The Plaintiff filed his response [20-1] to the Court's order on March 19,

2007.  Upon liberal construction of the Plaintiff's pleadings, the Court has reached the following

conclusions.

The Plaintiff states that he was arrested in Hattiesburg, Mississippi, on June 10, 2004,

pursuant to a warrant[1] issued by Harrison County, Mississippi.  *Complaint* [1-1] p.4.  He

complains that he "was held in custody for fifty-two (52) days" without receiving an initial

appearance or a bond hearing.  *Complaint* [1-1] p.4.  On August 2, 2004, the Plaintiff appeared

---

[1]The plaintiff does not challenge the validity of the arrest warrant.

before Defendant Judge Terry and according to his response [20-1] filed March 19, 2007, the Plaintiff entered a guilty plea for the criminal charge of worthless check and was sentenced to two years in the custody of the Mississippi Department of Corrections, two years suspended sentence and two years of supervised probation and as well as the payment of restitution and fine. According to the Plaintiff, he "finished out his sentence on Feb. 27, 2006." *Response* [20-1] p. 4.

Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma*

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

(A) the allegation of poverty is untrue; or
(B) the action or appeal
    (i)      is frivolous or malicious;
    (ii)     fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune
    from such relief.

*pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's

realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact."

*Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991).  *See Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir.

1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955

F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992).  "[I]n an action proceeding under

Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are

apparent from the record even where they have not been addressed" or raised in the pleadings on

file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test

the proceeding for frivolousness or maliciousness even before service of process or before the

filing of the answer." *Id.*  The Court has permitted the Plaintiff to proceed *in forma pauperis* in

this action, thus his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

Initially, this Court finds that the Plaintiff cannot maintain this civil action against

Defendants Harrison County Circuit Court and the District Attorney's Office.  The Harrison

County Circuit Court is protected by the Eleventh Amendment.  *Stump v. Sparkman*, 435 U.S.

349, 359 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995).  Additionally, the

District Attorney's Office does not enjoy a separate legal existence under Mississippi state law

and, therefore, the Plaintiff cannot pursue a cause of action against it.

Further, the Plaintiff cannot pursue this civil action against Defendants Judge Terry and

Brown as explained below.  Judicial officers are entitled to absolute immunity from claims for

damages arising out of acts performed in the exercise of their judicial functions. *Graves v.*

*Hampton*, 1 F.3d 315, 317 (5th Cir.1993). "Absolute judicial immunity extends to all judicial

acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)), *cert. denied*, 474 U.S. 1101 (1986).

Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 99 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988). The allegations of this complaint against Defendant Judge Terry demonstrate that he was acting within his judicial discretion when he presided over the Plaintiff's criminal case.  It is clearly established law that a judge is absolutely immune from damages under these circumstances.  *See Stump v. Sparkman*, 435 U.S. 349 (1978).

Absolute immunity also extends to prosecutors who are performing prosecutorial acts. *Imbler v. Pachtman*, 424 U.S. 409 (1976).  The Plaintiff does not provide any facts to establish that Defendant Brown was performing acts other than those directly related to prosecuting the criminal case against him.  Therefore, Defendant Brown is absolutely immune from damages based on the allegations asserted by the Plaintiff.

Finally, the Court finds that the plaintiff cannot proceed with this civil action based on his claim that he had a constitutional right to an initial appearance or bond hearing.  In order to have a viable claim under 42 U.S.C. § 1983, the Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States and the person depriving Plaintiff of this right acted under color of any statute of the State.  *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988).  There is no "federal requirement that States afford preliminary hearings to persons accused of state criminal offenses."  *Crow v. Cotten*, 2002 WL 31697730 (N.D. Tex. Nov. 27

2002).  The same can be said of initial appearance or bond hearings.  *See Barnes v. Anderson,*
1997 W. 304210 (S.D. Miss. May 19, 1997) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250
(1983) (A state-created procedural right does not create a liberty interest within the meaning of
the Fourteenth Amendment.)).

Even assuming that the failure to hold an initial appearance or bond hearing did violate the
Plaintiff's constitutional rights, such a claim would challenge the validity of his state conviction
and would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See Crow v. Cotten*,
2002 WL 31697730 n.5 (N.D. Tex. Nov. 27, 2002).   The Plaintiff states in his response
[7-1] that his conviction has not been "invalidated, reversed or expunged." [3]  Therefore, the
Plaintiff cannot maintain this claim pursuant to § 1983.

<u>Conclusion</u>

As discussed above, the Plaintiff cannot maintain this § 1983 complaint against the
Harrison County Circuit Court and District Attorney's Office.  Additionally, Defendant Judge
Terry and Defendant Brown are entitled to absolute immunity against this suit.   Finally, this
Court found that even if the Plaintiff presented an arguable claim relating to the failure to receive
an initial appearance or bond hearing, the Plaintiff's claim is barred by *Heck v. Humphrey*, 512
U.S. 477, 486-87 (1994).   Consequently, the Plaintiff's claim against the Harrison County
Circuit Court and District Attorney's Office will be dismissed with prejudice, his claims against
Defendants Judge Terry and Brown will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii)

---

[3]The application of *Heck v. Humphrey,* 512 U.S. 477 (1994) applies when the Plaintiff is
seeking monetary damages even if the Plaintiff is no longer in custody for the conviction he is
challenging in the § 1983 civil action.  *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000),
cert. denied 532 U.S. 971 (2001).

with prejudice and will not count as a strike, and  the plaintiff's claim that his constitutional right to an initial appearance and bond hearing will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with prejudice and *will count* as a strike pursuant to 28 U.S.C. § 1915(g).

Three-strikes provision

Since a portion of this case is dismissed pursuant 28 U.S.C. § 1915 (e)(2)(B)(ii) , it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g).  *See Comeaux v. Cockrell*, 2003 WL 21659432 (5th Cir. July 15, 2003).  If the Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 30th day of April 2007.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge